Good morning. May it please the Court, my name is Eli Stutzman, appearing for Redi-Co. I'd like to reserve three minutes of my time. Okay. You'll have to keep track, as I said, but we'll try to help you. All right. The issue before the Court, one of the issues before the Court, is the amount in controversy. The district court ruled that because of the contract between the parties, the amount in controversy was limited to about $41,000. My client, Redi-Co, at trial, relied upon course of performance evidence to argue that those contractual terms had been waived and or modified. My client introduced evidence by way of exhibit and affidavit, and the essence of the evidence was that there was a long course of dealing, but there was also a course of performance under this specific agreement. So it seems to me that while I agree course of performance cannot be used to contradict an expressed term of the contract, that you're not really arguing that, are you? I am not, Your Honor. You're arguing that by the course of performance, that the enforcement of a term of the contract has been waived. That's correct, Your Honor. Which is a different question, right? It's very different. So then it could be more than $75,000. Correct, Your Honor. I want to ask you a question about what the district court did. You know, I'll ask your colleague this. The district court dismissed with prejudice. That was wrong even if there wasn't the correct amount in controversy, wasn't it? Yes. I'm surprised by that part of this record for a couple of reasons. A dismissal for absence of subject matter jurisdiction should be without prejudice so you could refile the case somewhere else, right? There was also a request for limited discovery. There was a request for a hearing. Well, I understand. But the district court said you don't have the amount in controversy. It may be wrong, as you argue. Yes. But even if the district court was right, it should have simply entered an order dismissing without prejudice so you could refile in State court. Yes. Yes. And then the district court did not reach, as I understand it, the issues of subject matter jurisdiction, the issue of personal jurisdiction. That's correct, Your Honor. It was not decided by the district court, and nor was the issue of whether there was a breach of contract. Sure, that's on the merits. Now, the other question I had here is that both parties are limited liability partnerships, LLPs. Yes. The record doesn't reflect the membership of the LLPs, and that membership is relevant to diversity jurisdiction. We can't ‑‑ there's not enough in front of us to address that, but was that addressed at all in the district court? It was, Your Honor, and it was not disputed. Diversity was clear. Well, even though you don't dispute it, my question is how can we tell from the record that there's diversity? I'm not sure. I'm sure it was stolen, my question, because the citizenship of the LLP or C is determined on the citizenship of the members. Yes. And I guess I'm thrilled trying to ‑‑ I looked all the way through the record to find out what the citizenship of the members is, and I didn't find anything, so how do I know? Well, my recollection, Your Honor, and I'm sorry I can't provide you with a citation to that, but my recollection was that the parties were diverse and they made that statement. Sure, and we're on appeal. The first thing we do is make sure there was subject matter jurisdiction in front of the district court, and we were thwarted a little bit in that effort because we don't know who the members, the citizenship of the members. I'm not suggesting that it's something we should act on today. I'm just saying that the record ought to reflect that so that if you are to prevail and the district court in this case is litigated, a subsequent appellate court can tell whether or not there really is diversity jurisdiction. Yes, I understand, Your Honor. Trial counsel in this case was expecting further proceedings, was not expecting this ruling without a hearing, and I think that's been part of this record. I know it's part of this record. You think your opponent here would stipulate that there's some diversity somehow? I would expect. So no member of either LLP is from the same state as a member of the other LLP? Yes, I would expect that stipulation. So then if I get to personal jurisdiction, what do I do? Well, the personal jurisdiction was the request, there was a request for limited discovery and citation was cited to the trial court, the district court and on appeal. There was an argument for personal jurisdiction. It had to do with sales, marketing, service. Prince Castle makes an interesting argument that it acknowledges a presence in Oregon, but the argument is, in contrast to worldwide sales, that it's a de minimis presence. Are you arguing for general jurisdiction over the defendant in Oregon or specific jurisdiction? Well, I believe both on this record, Your Honor. Well, how can you have general jurisdiction over this limited partnership in Oregon and still have diversity? Well, that's a good point. So I assume what you're arguing is for specific jurisdiction.  Yes, sir. That the sufficient acts related to your cause of action were in Oregon, so as to satisfy the due process clause. Well, that is certainly correct. And, again, I would say that there was one issue decided by the district court. It was decided without a hearing. The other issues are argued in the alternative. But as I've stressed in a brief ---- The district court never decided that issue, though, of personal jurisdiction. The court did not decide personal jurisdiction. Are you suggesting we ought to send it back then for that hearing? Oh, absolutely. This record is undeveloped. There are affirmative grounds argued. I appreciate the court can affirm on alternative grounds. But in this circumstance, the trial court didn't reach those issues. The trial court, that work wasn't done below. The record really isn't developed for this court. The expectation, I think the right result, and I presented the court with a table. I'd like to stress that there was some focus on the larger prayer, which was in excess of a million dollars. And that's relevant if this case is tried for purposes of subject matter jurisdiction and the amount in controversy. What's really dispositive is the fact that there were goods in inventory. And I provided the court with a table of three pages in my briefing. But I've identified the three goods in inventory that were finished. And they total $85,000, just these three goods. And the importance of that is that. What you're really arguing about here is it's more than $75,000. Oh, absolutely. Just these three goods alone. I understand. And, frankly, if we buy the argument, and this is the thing that I'm some worried about, it seems to me that your argument is really not that the course of performance is contradicting an express term, but waiving it. Absolutely, Your Honor. And that's cited pages 8 of my reply brief, for example. But it's the affidavit of one of the principles for Rettico. And the essence of it is these goods were ordered, requested, verified, and produced for Rettico at Rettico's request. So these were authorized goods. So whatever that term was in the contract that authorized goods at $41,000, that term was waived. Or enforcement of that limit was waived. And the reason it was waived is they wanted more. They requested more. And these goods were produced pursuant to their request. These were authorized goods. There's no evidence that Rettico just made a big inventory and had it on site. The evidence in the record is that Rettico was directed, requested. Let me ask, if we move to personal jurisdiction, are you suggesting then with specific personal jurisdiction that you really don't want to rely only on the allegations of the complaint, but you want more discovery? Is that what you're saying? Absolutely. And that request was made to the district court. It was not decided. A hearing request was also made to district court, and the hearing was not held. The trial lawyer in this case was expecting more process. That's evident from the pleadings below and the appeal, the briefing on appeal. Okay. Thank you. Judge Fischer, did you want to ask any questions? No, I'll speak up if I do. Thank you. Okay. Good morning, Your Honors. Patrick Morales-Doyle on behalf of the Defendant Appellee, Prince Castle. So let me ask you first, before you begin the question that I asked your colleague, at the very least, we should undo the dismissal with prejudice, shouldn't we? Your Honor, my understanding would be, yes, the dismissal would be without prejudice. So even if we agreed with your position that the district court should have dismissed the action, we should instruct the court to modify the judgment to make its dismissal without prejudice, correct? I agree that it should be without prejudice in the sense that Reddico would be able to refile the action in a court that has reddico. Is there any other sense of without prejudice? Only in the sense that it wouldn't allow them to replete in this, in the district  court. I guess that's how I was understanding the without prejudice was it allowed them to either refile in another court or appeal that decision. Okay. But I understand Your Honor's point and agree this decision, dismissal for lack of subject matter jurisdiction, should not bar Reddico, for example, for refiling in state court. Okay. Why not here? Why not in Oregon State Court? Right. Because Prince Castle is not subject to personal jurisdiction in Oregon. You're going clear to the personal jurisdiction then? If you're Personal jurisdiction decided by the court? It was not, but the record is fully developed. Well, but if we were to agree with the district court that there's no, it lacked subject matter jurisdiction, then Reddico would be free to refile in Oregon State Court and you could argue the absence of personal jurisdiction. Yes, Your Honor. I should have been more precise. Reddico would then be able to file suit in Oregon State Court. There would be nothing from the court's order that barred it from doing so, but our position in that lawsuit would then be presumably to move to dismiss for lack of personal jurisdiction. So let's get to Judge Smith's question to your colleague. The complaint on its face alleges more than $75,000 in controversy, correct? Yes, Your Honor. The district court said, well, I've looked at the contract and I know how much inventory you should have under the contract, and therefore it's less. And your opponent says, well, no, we, by course of dealing, they waived that part of the contract and asked us to have, to do more, and therefore our damages are more. That may be a futile claim. It may lose. But why isn't that sufficient at this very early stage to state the appropriate amount in controversy? I think there's a couple reasons why, Your Honor. First, the rule is typically that good faith allegations pleaded in a complaint control the issue of the amount in controversy. The interesting thing here is that the written contract that Reddico sued under was attached as an exhibit to the complaint. And so actually on the face of the pleadings here, the amount in controversy, despite the allegations in the complaint, was not satisfied. Well, but the complaint, to be fair, and the complaint alleges a bit more. The complaint just doesn't allege a breach of that contract. As written, it alleges that by course of dealing and performance, not that the contract was modified, but that the clause that limited them to a certain amount of inventory had been waived. Is that a fair summary of what it said? No, Your Honor. I don't think that is actually in the complaint. I think the complaint just pleads breach of contract, attaches the contract to the complaint. I don't think it gets into course of dealing or course of performance. It may reference the 40-year history, but it does not say that any term has been modified or waived or supplemented. If that's right, and I'll look at the complaint and you may be correct, why shouldn't we at least give them leave to amend in the district court to assert the appropriate amount in controversy? Well, I think, one, I would emphasize, and this came up in Reddico's reply brief, there was a complaint about the truncated process. The way I see it, Reddico actually already had two bites at the apple. It's Reddico's, Reddico's the master of its complaint. It's Reddico's burden to establish personal jurisdiction and subject matter jurisdiction when it files its complaint. Here they filed the complaint, neither subject matter jurisdiction nor personal jurisdiction was apparent from the face of the complaint. We moved to dismiss. By moving to dismiss under 12b1 and 12b2, Reddico then got a second bite at the apple. They got a chance to come forward with evidence to show, well, here's why there's subject matter jurisdiction. And they did. They came forward with affidavits and et cetera and exhibits. So your point is that they weren't in the original complaint, but in the response to your motion to dismiss, they came forward with some stuff. And I guess my question is still, why isn't that stuff, to use a technical legal term, sufficient to at least at this very early stage when we take everything as true, give them enough to stay in court? Well, I think there's a number of reasons why the affidavit they rely on to establish subject matter jurisdiction is not enough. First, what they argue in their brief is that course of performance is an exception to the parole evidence rule. I don't think there's any legal support for that. But even taking their argument on its face that this can fit into 303F's waiver or modification, I don't think that that's what it is at all. I think if you look at ---- But just thinking it isn't, is there a legal case suggesting it isn't? Yes, Your Honor. I mean, I didn't find such a case. Well, I think if you look at the Deerfield Commodities case ---- I did. To me, I think that makes a ---- But that is, that case really deals with course of performance cannot be used to contradict an express term. That isn't what they're arguing. They're not arguing that it is using to contradict. They're using it as a waiver of somehow this express term. And these same cases allow the course of performance to waive the enforcement of the express term. And respectfully, Your Honor, I don't think that the affidavit that they put forth is evidence of waiver of the term. And I think thinking about what this term actually does and means in this case shows why waiver is not really what happened here. I think stated generously, the allegation in the affidavit is that the parties came to some ---- they had this written contract that placed caps on the number of each product, and then they came to some other agreement with some other unidentified numbers about what they were going to agree to. To me, that contradicts the plain terms. But I think it ---- what is waiver? It's the intentional relinquishment of a known right. Here, this provision protects both ---- We're not really arguing whether they're going to win this or not. What we're arguing is does the very fact that they can say that there is waiver end this agreement? No, I don't think that the mere assertion that a term could be waived is enough. I guess I'm having trouble then because I'm looking at the cases, and it doesn't seem to me that in Oregon if one says one can waive the expressment of an express term and still go forward under the contract without that express term being involved, one can still go forward with the contract and the breach thereof. So I think I would have to ---- I mean, that happens in the cases that are here, it seems like it happened, and it happens all the time in other cases where some of the express terms of the contract are not, if you will, objected to or worried about or cared about, and so people go on with the contract without worrying about those express terms of the contract which are not important to the contract itself. Well, I would have two responses. One is I think here there is no evidence of the mere assertion is not enough to meet their burden of proof. They have an affidavit. But the affidavit doesn't support the, doesn't to me meet the burden of proof to show that there's a waiver. I think the reason ---- Could it show modification? The UCC says you can have not only waiver but modification by. So I agree the affidavit doesn't show that somebody on your side said I waive that portion of the contract. But as I read the UCC, it says you can modify a contract through coarser performance. I don't think that this modifies the evidence. There's any evidence that they modified, any evidence that is enough to meet their burden that anything was modified. But you really don't need your side to say we allow such a waiver. You can have that waiver by the coarser performance by your side. That suggests they do not enforce the terms of the agreement. I think in a practical way the actual term here would make that very difficult. Because what this term does is it says to REDDICO you have to have X number of products, and for each product there's a specific, very specific number on hand to produce within five days if we submit an order. And it also says if you're going to have more than that product on hand, then you're responsible for that. It allocates risk. Why is your argument not one for summary judgment? I don't know why it is one that we're here, which is jurisdiction, diversity jurisdiction. It seems to me that in that particular case, I have to give every intendment of the fact to that part of the evidence that's in the record, and it all goes to the other side. If we get to summary judgment, you may have a lot of affidavits that will be contrary. You may do a lot of stuff. But I don't see anything with this affidavit which would not allow them to go forward, being a devil's advocate. Understood, Your Honor. I would submit that under the Supreme Court case of McNutt, it was the plaintiff's burden. They asserted federal jurisdiction. It's their burden to show with competent proof that the court has jurisdiction over the subject matter at all times throughout the action. That includes at a motion-to-dismiss stage. And I'd point the court to you. And what do we do then if I go on, because I think we've kind of pushed this to the end. Let's go on to the second question. Supposing I get to this idea about the diversity of the citizenship. Yes, Your Honor. What's your argument there? Well, in footnote 2 of our brief, we pointed out this problem, that obviously they're both LLCs, and so the citizenship is defined by the members. And I don't think that's in the record. Our understanding is that there is diversity between the parties based on the representation. But you're not agreeing to it. It really doesn't matter if you agree to it, does it? Well, I don't know. I'm just trying to figure out if you're really going to make an argument about it. No, our argument on diversity is that Prince Castle does not have the minimum personal context to be subject to. You're moving to personal jurisdiction. Yes, Your Honor. And if you go to personal jurisdiction, at that point in time, they say we need some more discovery. They do, Your Honor. And my response would be that under the case law, the only reason — normally there's not discovery on jurisdictional issues like personal jurisdiction. The exception is when there's pertinent facts regarding jurisdiction that are controverted between the parties or a more satisfactory showing of the facts underlying diversity is necessary. Here, that is not the case. Here, what Reddico has attempted to do is create this hybrid general specific jurisdiction. Specifically, what they do is they take contacts. At Prince Castle's, what I would submit are minimal contacts with Oregon that are unrelated to this case. The fact that they have sales of products here, the fact that they may have contracts with service providers to service their products in Oregon, those are unrelated to this dispute about a supply agreement. They try to take — Roberts. Let's assume you're right. Let's assume that there is no personal jurisdiction here. Why should we take that up into first instance? If we do, then even though a Supreme Court of the United States exists, there is no appeal. The district court never took this up. Discovery may not be appropriate. And you can make that argument to the district court. But why shouldn't we — if we find that there's an amount of controversy, why shouldn't we say to the district judge, look, you take this on into first instance. Make your findings. If you find no personal jurisdiction, there will at least be an appeal from it. I'm always bothered a little bit, unless the record is completely clear, on us affirming on another ground, because nobody ever gets a second shot at the order. Well, one, Your Honor, a dismissal for personal jurisdiction review for lack of personal jurisdiction would be de novo. The Court certainly could have, and in our opinion should have, if not for the subject matter jurisdiction ruling dismissed on that ground. So I think Your Honors are in precisely the same position as the district judge was in terms of evaluating all the relevant evidence. And here, I think the record is absolutely clear. Their only argument on the merits of personal jurisdiction is to use non-case-linked contacts to bolster a claim for specific jurisdiction. And the only ground — the only case-linked contact is the fact that Prince Castle contracted with an Oregon company under the Pico v. Weston Ninth Circuit case. And under the — I think that's not sufficient. And under the Supreme Court's recent Bristol-Myers — excuse me — Bristol-Myers Squibb case, it's clear you can't do that sort of hybrid using non-case-linked contacts. If you're arguing specific jurisdiction, the contacts have to be related to the cause of action. That's why I was asking your colleague what they were alleging. And just to briefly — and I realize I'm over my time here, but to briefly return to the subject matter of jurisdiction, I'd point the Court to a recent First Circuit case, Insurance Brokers West, which we cited in our Rule 28J letter. And that case, I think, shows exactly why it's appropriate on a contract claim to dismiss under the legal certainty test. Just like in this case, there were different contract doctrines argued by the plaintiff there to get the amount over the $75,000 limit. But the Court rightly rejected those on a motion to dismiss, and the First Circuit affirmed. I think this Court should do the same thing here. Thank you for your argument. Thank you, Your Honors. We'll give you one minute. Thank you, Your Honor. I very much disagree with the statement that this record is fully developed. It's not. It's a very small record. It would be very hard for this Court to do the work that Prince Castle requests that this Court do on this record ruling in the alternative. The only problem that I really have with that argument is, you're the one drafting the complaint. You knew you had to have personal jurisdiction, and you knew that I was going to give you every intendment of the fact for what you drafted. But if I look at the complaint, you haven't got enough to make personal jurisdiction. And you had every benefit to allege whatever you wanted, and I'd give you the intendment. And if I read it and I go through it and I put all that down, you can't make personal jurisdiction. Trial counsel made the statement that trial counsel did on this record, and it's a small record. I agree. Trial counsel also requested discovery in a hearing. The process was truncated. But, see, my problem with discovery is, if you're alleging specific jurisdiction, and I don't see how in the world you could have general jurisdiction over this company in what contacts they had with you. I mean, you don't have to go ask them what contacts they had with you. You could say that yourself. And so I'm not sure in this case why, if I were a district judge, I would allow discovery. That question and that issue wasn't decided, and the hearing wasn't held. That's part of the issue. The fact that the hearing wasn't held, again, brings me to the question, you had your chance. You could put in anything you wanted that you thought would help you. You had that opportunity, and you just didn't do it. And I don't know what you do. I'm like Judge Hurwitz. I don't know what we do in discovery that helps you more. You ought to know this based on what you've got to plead for personal jurisdiction. The difficulty with that is it was a first complaint. There wasn't a hearing. There wasn't an opportunity to amend. It was a very truncated process. Maybe that's the reason it gets decided on remand. I hope that this case is remanded. But to deal with those issues on appeal, we're speculating about a lot, an awful lot. There was one issue decided on a very small record. That was the amount in controversy. And the statute in the UCC recognizes course of performance evidence that can waive. It also says modify. And the contracts at issue authorized X number of finished goods, and Prince Castle directly expressly requested Y number. And at the time of this dispute, my client, Reddico, was holding in their inventory Y number at the authorization of Prince Castle. That's the modification or waiver of the term. Thank you. Thank you. Case 1635224 is submitted. Thank you for your argument. We'll move to Western Radio Services v. John Allen, Case 1635105.
judges: Fisher, N.R. Smith, Hurwitz